IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CRIMINAL NO.   08-30235-GPM |
| | ) |
| BRYANT K. MAYBELL, a/k/a "B" | ) |
| | ) |
| Defendant. | ) |

UNITED STATES' RESPONSE TO THIS HONORABLE COURT'S
APRIL 26, 2011, MEMORANDUM AND ORDER

COMES Now the United States of America, by and through its attorneys, Stephen R. Wigginton, United States Attorney for the Southern District of Illinois, and Amanda A. Robertson, Assistant United States Attorney, and respectfully submits its response to this Honorable Court's April 26, 2011, Order, and states the following in support thereof:

1. On January 26, 2011, an East St. Louis jury convicted defendant of conspiracy to distribute crack cocaine. The jury signed a Special Verdict form, finding, beyond a reasonable doubt, that the conspiracy involved in excess of 50 grams of crack cocaine. R. 436, 438, 440.

2. Because defendant has two prior convictions for felony drug offenses, the only available sentence in this case is a term of mandatory life imprisonment. *See* Title 18, U.S.C. § 841(b)(1)(A), *see also* R. 426; 465 at par. 116; 467 at par. 115; 469 at par. 7; 471.

3. The initial Presentence Report (hereinafter "PSR") was issued on March 29, 2011. R. 465.

4. The United States filed objections to the PSR, asserting that defendant's Offense Level should be crossed referenced with the murder guideline, based on defendant's involvement in the January 6, 2007, murder of Falon Taylor. R. 466.

5. On April 21, 2011, a revised PSR and Second Addendum were issued. R. 467.

6. The revised PSR did not include the Falon Taylor information in the Offense Conduct section and the Second Addendum stated that the probation officer was instructed by the Court to not include the Falon Taylor information in the Offense Conduct section.

7. On April 26, 2011, this Court issued a Memorandum and Order confirming that "[b]oth parties and the United States Probation Office have indicated to the Court that Mr. Maybell faces a mandatory life sentence." "Given the mandatory life sentence in this case," this Honorable Court ordered the United States to inform the Court for what purpose it seeks to introduce the related conduct. R. 471.

8. The United States sets forth that the Falon Taylor information is properly admissible at sentencing both for the purpose of allowing this Court to make its Sentencing Guideline calculations and for consideration by this Court under § 3553 sentencing factors. *See e.g., United States v. Rivera*, 463 F.3d 598, 602 (7th Cir. 2006) ("the court must first calculate the Guidelines' range and then consider the factors contained within 18 U.S.C. §3553(a)").

9. The United States has set forth its position that the Falon Taylor evidence is sufficient, by a preponderance of the evidence, to support both that defendant was involved in the Falon Taylor homicide and that that homicide was committed during an act of the charged conspiracy, that being an attempt by defendant and Elijah Lacy to steal a dealer amount of cocaine from a Taylor associate. *See* R. 373, 457, 466.

10. The PSR has determined that the murder cross-reference is inapplicable and found that defendant's Offense Level should be 38, rather than 43.

11. Thus, as an initial matter, this Court will need to resolve the disputed issue in order to determine whether defendant is an Offense Level 38 or Offense Level 43.

12.Additionally, the United States asserts that the information is relevant and proper for the Court's consideration regarding in part, "the nature and circumstances of the offense and the history and characteristics of the defendants," as well as the need for the sentence to "reflect the seriousness of the offense," "provide just punishment," "afford adequate deterrence to criminal conduct," and "protect the public from further crimes of the defendant." See Title 18, U.S.C. § 3553.

13.While the United States' previous filings have set forth extensive information provided by multiple witnesses, it would be the United States' intention to proceed by proffer on much of the information and to present testimony from only between three and five persons.

14.Finally, while the United States recognizes that the ultimate sentencing range in this cause will be mandatory life imprisonment, the Guidelines' Offense Level will still need to be properly calculated and the § 3553 factors considered, especially in light of the current issues regarding *Apprendi* and mandatory minimums. *See e.g. United States v. Krieger*, 628 F.3d 857 (7th Cir. 2010).

Respectfully submitted,

STEPHEN R. WIGGINTON
United States Attorney


s/ Amanda A. Robertson
AMANDA A. ROBERTSON
402 West Main Street, Suite 2A
Benton, IL 62812
Phone: (618) 439-3808 Ext. 103
Fax: (618) 439-2401
E-mail: amanda.robertson@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2011, I electronically filed

**UNITED STATES' RESPONSE TO THIS HONORABLE COURT'S
APRIL 26, 2011, MEMORANDUM AND ORDER**

with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the

following:

Ronald E. Jenkins
Jenkins & Kling
10 South Brentwood Blvd., Suite 200
St. Louis, MO 63105

Respectfully submitted,

STEPHEN R. WIGGINTON
United States Attorney


s/ Amanda A. Robertson
AMANDA A. ROBERTSON