**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
|           Plaintiff, | ) ) ) |
| vs. | )    CRIMINAL NO. 08-30235-GPM-07 |
| DAVON V. BELL, | ) ) ) |
|           Defendant. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Before the Court is Defendant Davon V. Bell's letter to the Court, construed as a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), (Doc. 525), and counsel's motion to withdraw (Doc. 541). On January 11, 2010, the Court sentenced Mr. Bell to the statutory minimum sentence of 120 months custody in the Federal Bureau of Prisons after he pleaded guilty to conspiracy to distribute and possess with intent to distribute cocaine base (Docs. 208, 210). At Mr. Bell's sentencing hearing, the Court adopted the findings in the Presentence Investigation Report ("PSR"), which found that the crack-distribution conspiracy dated back to 2006 and that Mr. Bell was responsible for approximately 936.35 grams of crack cocaine related to the conspiracy (Doc. 202). Based on U.S.S.G. § 2D1.1, Mr. Bell's base offense level was 34 and his guideline sentence range was 121 to 151 months.[1] However, because Mr. Bell's violation involved more than 50 grams of crack, he was sentenced to the minimum sentence mandated under 21 U.S.C. § 841(b)(1)(A)(iii),

---

[1] Mr. Bell did not object to the PSR, but did submit a sentencing memorandum which acknowledged that he faced a mandatory minimum 120 month sentence (Doc. 206).

120 months.

As Mr. Bell's conduct occurred prior to the August 3, 2010, the Fair Sentencing Act ("FSA") does not retroactively affect the mandatory minimum. *See United States v. Bell,* 624 F.3d 803, 814 (7th Cir. 2010); *United States v. Fisher,* 635 F.3d 336, 340 (7th Cir. 2011). Even if the FSA did apply retroactively, 21 U.S.C. § 841(b)(1)(A)(iii) now requires 280 grams or more of cocaine base in order to mandate the 120 month minimum sentence–and Mr. Bell was responsible for over 900 grams. Under either version of 21 U.S.C. § 841(b)(1)(A)(iii), he has a mandatory minimum sentence of ten years.

Neither does retroactive application of sentencing guidelines to crack cocaine offenses pursuant to 18 U.S.C. § 3582 help Mr. Bell. A defendant urging a sentence reduction under § 3582(c)(2) must show: (1) the Sentencing Commission has lowered the applicable guideline sentencing range; and (2) that the reduction is consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). If the guideline amendment has not lowered the defendant's applicable guideline sentencing range, then the Court has no subject matter jurisdiction to consider the reduction request. *United States v. Lawrence,* 535 F.3d 631, 637-38 (7th Cir. 2008); *see United States v. Forman,* 553 F.3d 585, 588 (7th Cir.), *cert. denied sub nom McKnight v. United States,* 129 S.Ct. 1924 (2009). Before the guideline amendment, Mr. Bell's base offense level was 34, as his relevant conduct was at least 500 grams but less than 1.5 kilograms of crack. With the three-level reduction for acceptance of responsibility, and combined with his criminal history category 2, Mr. Bell's guideline sentence was 121 to 151 months. After the guideline amendments, relevant conduct involving 840 to 2,800 grams of crack yields a base offense level of 34–so Mr. Bell would have the exact same guideline sentence range.

The mandatory statutory minimum sentence was the basis for Mr. Bell's sentence, and neither the Fair Sentencing Act nor the retroactive guideline amendments affect that sentence. Mr. Bell's motion for a sentence reduction (Doc. 525) is thus **DENIED** and counsel's motion to withdraw (Doc. 541) is **GRANTED**.

**IT IS SO ORDERED.**

DATED: February 14, 2012

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge